[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Barton Foster, appeals the judgment of the Hamilton County Court of Common Pleas enforcing a settlement in a personal-injury action. For the following reasons, we affirm the trial court's judgment.
In 1999, plaintiffs-appellees, Theresa Ehrhardt and Raymond Ehrhardt, filed suit against Foster for alleged injuries arising from an automobile accident. On the day of trial, the trial court brokered a settlement between the parties. Following a delay in the final payment, the trial court conducted a hearing on the Ehrhardts' motion to enforce the settlement and for attorney fees. After the hearing, the trial court journalized an entry ordering Foster to pay the Ehrhardts $11,500 plus the court costs, including the cost of deposing the Ehrhardts' medical expert, Dr. Craig Maxwell.
In a single assignment of error, Foster contends that the trial court erred in entering judgment in favor of the Ehrhardts. He first argues that the court erred in ordering him to pay the cost of the Maxwell deposition, because the deposition was not used at trial. We are not persuaded.
As Foster correctly asserts, the costs of depositions not used at trial are generally not to be assessed against an opposing party pursuant to Civ.R. 54(D).[1] Nonetheless, such costs may be taxed when "overriding considerations" weigh in favor of assessing them.[2] One such overriding consideration occurs when the parties have agreed to the assessment of the costs.[3]
In the case at bar, the trial court explicitly found that the parties had agreed to the taxing of costs, including the Maxwell deposition,[4]
against Foster. Although Foster disputes that the costs were to be included, he can point to nothing in the record to support his position that the trial court had misapprehended the terms of the settlement.[5]
Given that the trial court presided over the settlement negotiations and was instrumental in helping the parties reach the agreement, we cannot say that its holding with respect to the costs was erroneous.[6]
Thus, we cannot disturb the trial court's order with respect to costs.
Foster next argues that the trial court erred in ordering him to pay a portion of the Ehrhardts' attorney fees. At the hearing on the enforcement of the judgment, the trial court stated that it would order Foster to pay $400 in attorney fees, which represented the amount that it had cost the Ehrhardts to secure payment of the settlement. But, in the court's entry, there is no order concerning attorney fees. Thus, the error that Foster cites is not apparent in the record, and we need not address his arguments on their merits. The sole assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] Collins v. York (Dec. 22, 2000), Hamilton App. No. C-000125, unreported.
[2] Id.
[3] Id.
[4] The order concerned only the deposition costs and not any fee paid to Dr. Maxwell.
[5] Although the settlement discussions were not transcribed, the trial court did refer to its notes of the settlement conference when it conducted the hearing on the enforcement of the judgment. Foster was given ample opportunity to argue his position at that hearing. In any event, it is the burden of the appellant to demonstrate error in the proceedings below, and, on the state of this record, Foster has failed to do so.
[6] We also find no merit in Foster's contention that the Ehrhardts' acceptance of a check for $11,500 barred the taxing of costs under the doctrine of accord and satisfaction. As the Ehrhardts aptly note, court costs are payable to the clerk of courts and not to the opposing party. Therefore, the Ehrhardts' acceptance of the check did not preclude the trial court's order that Foster pay the court costs.